John T. Masterson, Bar #007447
Joseph E. Leverence, Bar #033199
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1700
Fax: (602) 200-7846
jmasterson@jshfirm.com
jleverence@jshfirm.com

Attorneys for Defendant Sean Pena

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Krystofer Lee,<br><br>Plaintiff,<br><br>v.<br><br>City of Phoenix, a municipality and jural entity, Sean Pena, an individual acting under the color of law, John Does I-V, an individual(s), acting under the color of law, and Jane Does I-V, an individual(s), acting under the color of law, XYZ Corporations, ABC LLCs,<br><br>Defendants. | NO. 2:20-cv-02456-SMB<br><br>**DEFENDANT SEAN PENA'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant Sean Pena ("Answering Defendant"), for his Answer to Plaintiff's Complaint, admits, denies, and alleges as follows:

Answering Defendant denies each and every, all and singular, of the allegations contained in Plaintiff's Complaint and each claim for relief thereof which is not hereinafter expressly admitted or otherwise pled to.

A jury trial is requested.

1.    In answering Paragraph 1 of Plaintiff's Complaint, Answering Defendant admits only that Plaintiff is an individual, but lacks sufficient information regarding her residency and, therefore, denies the same.

9022506.1

9002973.1

2.      In answering Paragraph 2 of Plaintiff's Complaint, Answering Defendant asserts that Paragraph 2 improperly calls for a legal conclusion and no response is required. To the extent a response is required, Answering Defendant admits only that the City of Phoenix is a municipality and political subdivision of the State of Arizona.

3.      In answering Paragraph 3 of Plaintiff's Complaint, Answering Defendant admits only that he is an individual that resides in Maricopa County, Arizona, and worked as a Phoenix Police Officer at all relevant times.

4.      In answering Paragraph 4 of Plaintiff's Complaint, Answering Defendant asserts that Paragraph 4 improperly calls for a legal conclusion and no response is required. To the extent a response is required, Answering Defendant admits same.

5.      In answering Paragraph 5 of Plaintiff's Complaint, Answering Defendant lacks sufficient information to form a belief as to the truth of the allegations and, therefore, denies same.

6.      In answering Paragraph 6 of Plaintiff's Complaint, Answering Defendant lacks sufficient information to form a belief as to the truth of the allegations and, therefore, denies same.

7.      In answering Paragraph 7 of Plaintiff's Complaint, Answering Defendant asserts that this allegation is moot due to the removal to United States District Court. To the extent a response is required, Answering Defendant admits he resides in Maricopa County, Arizona, and jurisdiction and venue are proper.

8.      In answering Paragraph 8 of Plaintiff's Complaint, Answering Defendant admits this Court has personal and subject matter jurisdiction over the parties and the Complaint.

9.      In answering Paragraph 9 of Plaintiff's Complaint, Answering Defendant asserts that this allegation is moot due to the removal to United States District Court. To the extent a response is required, Answering Defendant denies Plaintiff has incurred any damages and that no improper conduct occurred.

10.    In answering Paragraph 10 of Plaintiff's Complaint, Answering Defendant also requests a jury trial.

## FACTS GENERAL TO ALL COUNTS AND DAMAGES

11.    In answering Paragraphs 11-21 of Plaintiff's Complaint, Answering Defendant invokes his right to be free from self-incrimination under the Fifth Amendment to the United States Constitution. *See Indus. Indem. Co. v. Niebling*, 844 F. Supp. 1374, 1376 (D. Ariz. 1994). Invocation of his Fifth Amendment right is permissible here because Answering Defendant has been indicted for criminal charges in Maricopa County Superior Court Cause Number CR2020-128297-001 (the "criminal case") involving the same operative set of facts as alleged in this civil case. *See* Plaintiff's Complaint at ¶¶ 23-24. In the criminal case, Answering Defendant has been charged with three counts of Sexual Assault, two counts of Sexual Abuse, and two counts of Unlawful Sexual Conduct. Upon information and belief, two of the counts in Answering Defendant's criminal case are predicated upon the alleged incident that Plaintiff sets forth or references in Paragraphs 11-21 of her Complaint. Answering the allegations set forth in Paragraphs 11-21 of Plaintiff's Complaint would require Answering Defendant to make admissions or denials concerning the allegations which the prosecutor will attempt to prove during trial in Answering Defendant's criminal case. Indeed, to prove the elements of the offenses for which Answering Defendant has been charged in his criminal case, the prosecutor would be required to prove, beyond a reasonable doubt, the very allegations set forth or referenced by Plaintiff in Paragraphs 11-21. *See, e.g.*, A.R.S. § 13-1406(A) ("[a] person commits sexual assault by intentionally or knowingly engaging in sexual intercourse or oral sexual contact with any person without consent of such person."); A.R.S. § 13-1412(A) ("[a] peace officer commits unlawful sexual conduct by knowingly engaging in sexual contact, oral sexual contact or sexual intercourse with any person who is in the officer's custody or a person who the officer knows or has reason to know is the subject of an investigation."). For these reasons, Answering Defendant answers by way of asserting his Fifth Amendment rights. Upon completion of his criminal case, Answering Defendant

1    intends on requesting leave from the Court to modify or supplement his responses

2    contained within his Answer, for purposes of providing an admission or denial to these

3    allegations as appropriate.

4         12.    In answering Paragraph 22 of Plaintiff's Complaint, Answering

5    Defendant denies same.

6         13.    In answering Paragraphs 23-24 of Plaintiff's Complaint, Answering

7    Defendant admits only that he was charged by the Maricopa County Attorney's Office

8    with violations of these statutes in the criminal case on or about August 12, 2020.

9         14.    In answering Paragraphs 25-29 of Plaintiff's Complaint, Answering

10   Defendant invokes his right to be free from self-incrimination under the Fifth Amendment

11   to the United States Constitution. *See Indus. Indem. Co. v. Niebling*, 844 F. Supp. 1374,

12   1376 (D. Ariz. 1994). Invocation of his Fifth Amendment right is permissible here

13   because Answering Defendant has been indicted for criminal charges in Maricopa County

14   Superior Court Cause Number CR2020-128297-001 (the "criminal case") involving the

15   same operative set of facts as this civil case. *See* Plaintiff's Complaint at ¶¶ 23-24. Upon

16   information and belief, five of the charges in the criminal case relate to alleged incidents

17   involving the same "Victim A" and "Victim C" whom Plaintiff references and discusses

18   in Paragraphs 25-29 of her Complaint. Answering the allegations set forth in Paragraphs

19   25-29 of Plaintiff's Complaint would require Answering Defendant to make admissions or

20   denials concerning allegations which the prosecutor will attempt to prove during trial in

21   Answering Defendant's criminal case. Indeed, to prove the elements of the offenses for

22   which Answering Defendant has been charged in his criminal case, the prosecutor would

23   be required to prove, beyond a reasonable doubt, the very allegations set forth or

24   referenced by Plaintiff in Paragraphs 25-29. *See, e.g.*, A.R.S. § 13-1406(A) ("[a] person

25   commits sexual assault by intentionally or knowingly engaging in sexual intercourse or

26   oral sexual contact with any person without consent of such person."); A.R.S. § 13-

27   1412(A) ("[a] peace officer commits unlawful sexual conduct by knowingly engaging in

28   sexual contact, oral sexual contact or sexual intercourse with any person who is in the

9022506.1                                    4

officer's custody or a person who the officer knows or has reason to know is the subject of an investigation."). For these reasons, Answering Defendant answers by way of asserting his Fifth Amendment rights. Upon completion of his criminal case, Answering Defendant intends on requesting leave from the Court to modify or supplement his responses contained within his Answer, for purposes of providing an admission or denial to these allegations as appropriate.

15.     In answering Paragraphs 30, this Paragraph is not directed at Answering Defendant and, therefore, no response is required. To the extent a response is required, Answering Defendant admits the allegations.

16.     In answering Paragraph 31, this Paragraph is not directed at Answering Defendant and, therefore, no response is required. To the extent a response is required, Answering Defendant denies the allegations set forth therein.

17.     In answering Paragraphs 32-36 of Plaintiff's Complaint, Answering Defendant invokes his right to be free from self-incrimination under the Fifth Amendment to the United States Constitution. *See Indus. Indem. Co. v. Niebling*, 844 F. Supp. 1374, 1376 (D. Ariz. 1994). Invocation of his Fifth Amendment right is permissible here because Answering Defendant has been indicted for criminal charges in Maricopa County Superior Court Cause Number CR2020-128297-001 (the "criminal case") involving the same operative set of facts as this civil case. *See* Plaintiff's Complaint at ¶¶ 23-24. In the criminal case, Answering Defendant has been charged with three counts of Sexual Assault, two counts of Sexual Abuse, and two counts of Unlawful Sexual Conduct. Upon information and belief, four of the counts in Answering Defendant's criminal case are predicated upon the same allegations referenced in Paragraphs 32-36 of Plaintiff's Complaint. Answering these counts would require Answering Defendant to make admissions or denials concerning allegations regarding the alleged "sexual assault" and Answering Defendant's alleged "conduct," which undoubtedly involves the allegations of sexual assault that Plaintiff makes in her Complaint. In answering these allegations, Answering Defendant would necessarily be forced to address the underlying allegations

themselves. For these reasons, Answering Defendant answers by way of asserting his Fifth Amendment rights. Upon completion of his criminal case, Answering Defendant intends on requesting leave from the Court to modify or supplement his responses contained within his Answer, for purposes of providing an admission or denial to these allegations as appropriate.

## **COUNT ONE**

18.     In answering Paragraph 37 of Plaintiff's Complaint, Answering Defendant incorporates by reference his responses to Paragraphs 1 through 36 as if fully set forth herein.

19.     In answering Paragraph 38 of Plaintiff's Complaint, Answering Defendant admits that all United States citizens are generally entitled to the protection and benefit of the laws of the United States and the United States Constitution. Answering Defendant lacks sufficient information regarding Plaintiff's citizenship status and, therefore, denies the remainder of the allegations.

20.     In answering Paragraph 39 of Plaintiff's Complaint, Answering Defendant admits same.

21.     In answering Paragraph 40 of Plaintiff's Complaint, Answering Defendant asserts Paragraph 40 improperly calls for a legal conclusion and no response is required. To the extent a response is required, Answering Defendant admits only that he was a Phoenix Police Officer at the time of the incident.

22.     In answering Paragraph 41 of Plaintiff's Complaint, Answering Defendant asserts Paragraph 41 improperly calls for a legal conclusion and no response is required. To the extent a response is required, Answering Defendant admits only that a citizen of the United States may not be deprived of life or liberty without due process, pursuant to the Fourteenth Amendment to the United States Constitution.

23.     In answering Paragraphs 42-48 pertaining to Count One of Plaintiff's Complaint, Answering Defendant invokes his right to be free from self-incrimination under the Fifth Amendment to the United States Constitution. *See Indus. Indem. Co. v.*

1    *Niebling*, 844 F. Supp. 1374, 1376 (D. Ariz. 1994). Invocation of his Fifth Amendment

2    right is permissible here because Answering Defendant has been indicted for criminal

3    charges in Maricopa County Superior Court Cause Number CR2020-128297-001 (the

4    "criminal case") involving the same operative set of facts as this civil case. *See* Plaintiff's

5    Complaint at ¶¶ 23-24. In the criminal case, Answering Defendant has been charged with

6    three counts of Sexual Assault, two counts of Sexual Abuse, and two counts of Unlawful

7    Sexual Conduct. Upon information and belief, two of the counts in Answering

8    Defendant's criminal case are predicated upon the alleged incident that Plaintiff claims

9    resulted in a violation of her constitutional rights in Paragraphs 42-48 of her Complaint.

10    Answering the allegations set forth in Paragraphs 42-48 of Plaintiff's Complaint would

11    require Answering Defendant to make admissions or denials concerning allegations

12    referencing the same alleged conduct which the prosecutor will attempt to prove during

13    trial in Answering Defendant's criminal case. Indeed, to prove the elements of the

14    offenses for which Answering Defendant has been charged in his criminal case, the

15    prosecutor would necessarily have to prove, beyond a reasonable doubt, the very

16    allegations set forth or referenced by Plaintiff in Paragraphs 42-48. *See, e.g.*, A.R.S. 13- §

17    1406(A) ("[a] person commits sexual assault by intentionally or knowingly engaging in

18    sexual intercourse or oral sexual contact with any person without consent of such

19    person."); A.R.S. § 13-1412(A) ("[a] peace officer commits unlawful sexual conduct by

20    knowingly engaging in sexual contact, oral sexual contact or sexual intercourse with any

21    person who is in the officer's custody or a person who the officer knows or has reason to

22    know is the subject of an investigation."). For these reasons, Answering Defendant

23    answers by way of asserting his Fifth Amendment rights. Upon completion of his criminal

24    case, Answering Defendant intends on requesting leave from the Court to modify or

25    supplement his responses contained within his Answer, for purposes of providing an

26    admission or denial to these allegations as appropriate.

27

28

## COUNT TWO

24.     In answering Paragraph 49 of Plaintiff's Complaint pertaining to Count Two of Plaintiff's Complaint, Answering Defendant incorporates by reference his responses to Paragraphs 1 through 48 as if fully set forth herein.

25.     In answering Paragraphs 50-51 pertaining to Count Two of Plaintiff's Complaint, Answering Defendant invokes his right to be free from self-incrimination under the Fifth Amendment to the United States Constitution. *See Indus. Indem. Co. v. Niebling*, 844 F. Supp. 1374, 1376 (D. Ariz. 1994). Invocation of his Fifth Amendment right is permissible here because Answering Defendant has been indicted for criminal charges in Maricopa County Superior Court Cause Number CR2020-128297-001 (the "criminal case") involving the same operative set of facts as this civil case. *See* Plaintiff's Complaint at ¶¶ 23-24. In the criminal case, Answering Defendant has been charged with three counts of Sexual Assault, two counts of Sexual Abuse, and two counts of Unlawful Sexual Conduct. Upon information and belief, two of the counts in Answering Defendant's criminal case are predicated upon the alleged incident that Plaintiff claims resulted in a violation of her constitutional rights in Paragraphs 50-51 of her Complaint. Answering the allegations set forth in Paragraphs 50-51 of Plaintiff's Complaint would require Answering Defendant to make admissions or denials concerning allegations referencing the same alleged conduct which the prosecutor will attempt to prove during trial in Answering Defendant's criminal case. Indeed, to prove the elements of the offenses for which Answering Defendant has been charged in his criminal case, the prosecutor would necessarily have to prove, beyond a reasonable doubt, the very allegations discussed or referenced by Plaintiff in Paragraphs 50-51. *See, e.g.*, A.R.S. 13-§ 1406(A) ("[a] person commits sexual assault by intentionally or knowingly engaging in sexual intercourse or oral sexual contact with any person without consent of such person."); A.R.S. § 13-1412(A) ("[a] peace officer commits unlawful sexual conduct by knowingly engaging in sexual contact, oral sexual contact or sexual intercourse with any person who is in the officer's custody or a person who the officer knows or has reason to

know is the subject of an investigation."). For these reasons, Answering Defendant answers by way of asserting his Fifth Amendment rights. Upon completion of his criminal case, Answering Defendant intends on requesting leave from the Court to modify or supplement his responses contained within his Answer, for purposes of providing an admission or denial to these allegations as appropriate.

## COUNT THREE

26.    In answering Paragraphs 42-51 (sic) pertaining to Count Three of Plaintiff's Complaint, these Paragraphs are not directed at Answering Defendant and, therefore, no response is required.

## AFFIRMATIVE DEFENSES

1.    As and for an affirmative defense and in the alternative, Answering Defendant asserts:

2.    Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

3.    Plaintiff's Complaint fails to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure and merely contains labels and conclusions and threadbare recitals of the elements of causes of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

4.    Answering Defendant, at all times pertinent to Plaintiff's Complaint, acted reasonably and appropriately under the totality of circumstances.

5.    Plaintiff's claimed injuries are injuries of psychological trauma and emotional distress, insufficient to establish a deprivation of her liberty interests. *See McLean v. Pine Eagle Sch. Dist., No. 61*, 194 F. Supp. 3d 1102 (D. Or. 2016).

6.    Answering Defendant's conduct did not "shock the conscience" for purposes of Plaintiff's substantive due process claim.

7.    None of Answering Defendant's conduct reflected a deliberate indifference to Plaintiff's safety or that he was otherwise acting with a purpose to harm.

9022506.1

9

9002973.1

Plaintiff's substantive due process claim fails. *See County of Sacramento v. Lewis*, 523 U.S. 833, 836, 118 S. Ct. 1708 (1998).

8.   Answering Defendant alleges that, when an explicit textual provision of the federal constitution protects against a challenged government action, the claim must be analyzed under that specific provision alone and not under the more general guarantee of substantive due process. *United States v. Lanier*, 520 U.S. 259, 272, n. 7, 117 S.Ct. 1219, 1228 n. 7 (1997).

9.   Plaintiff's excessive force claim fails, as she cannot establish that she was "in custody" at the time she alleges this incident occurred. *See Robins v. Harum*, 773 F.2d 1004, 1010 (9th Cir. 1985).

10.   Any of Answering Defendant's conduct, which may qualify as force, did not involve the "expressed intent to punish" and Plaintiff is otherwise unable to show that any actions were not "rationally related to a legitimate nonpunitive governmental purpose" or that the actions "appeared excessive in relation to that purpose." *Graham v. Connor*, 490 U.S. 386 (1989), *Bell v. Wolfish*, 441 U.S. 520, 520–21 (1979), and *Scott v. Harris*, 550 U.S. 372 (2007).

11.   Answering Defendant alleges he did not act with a purpose to harm or with deliberate indifference to the rights of anyone, including Plaintiff, for reasons unrelated to the legitimate law enforcement objectives.

12.   Answering Defendant asserts he is entitled to all privileges and immunities, including qualified immunity, extended to governmental employees under federal law as set forth in *Hunter v. Bryant*, 112 S. Ct. 534 (1991) and *Saucier v. Katz*, 121 S. Ct. 2151 (2001).

13.   Punitive damages may not be awarded against Answering Defendant when he was alleged to have been acting in his official capacity pursuant to *Smith v. Wade*, 461 U.S. 30 (1983); *City of Newport v. Fact Concerts, Inc*., 453 U.S. 247 (1981); *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. District*, 940 F.2d 397 (9th Cir. 1991).

14.     Answering Defendant did not act with the requisite "evil motive" or "callous indifference" to warrant punitive damages under § 1983. *Smith v. Wade*, 461 U.S. 30, 56 (1983); *Dang v. Cross*, 422 F.3d 800, 809 (9th Cir. 2005) (Conduct that is malicious, oppressive, or in reckless disregard of Plaintiff's rights warrants punitive damages).

15.     Plaintiff has not alleged, and is not able to establish, that Answering Defendant proximately caused the deprivation of a right, privilege, or immunity protected by the United States Constitution, federal law, and/or state law.

16.     Defendant put Plaintiff on notice that further affirmative defenses may be added in a First Amended Answer after discovery. During the course of litigation, named Defendant may discover facts which support one or more of the affirmative defenses set forth in Rule 8(c) and/or Rule 12(b) of the Federal Rules of Civil Procedure, and to avoid waiving said defenses, this answering Defendant incorporates them by reference.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant requests that Plaintiff's Complaint be dismissed, Plaintiff takes nothing thereby and Defendant be awarded attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

DATED this 29th day of December 2020.

JONES, SKELTON & HOCHULI, P.L.C.


By */s/ Joseph Leverence*
    John T. Masterson
    Joseph E. Leverence
    40 North Central Avenue, Suite 2700
    Phoenix, Arizona  85004
    Attorneys for Defendant Sean Pena

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of December 2020, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

David W. Dow
Jennifer L. Ghidotti
DOW LAW OFFICE
3104 E. Camelback #281
Phoenix, AZ 85016
Ddowlaw1@gmail.com
Jlevine@ddowlaw.com
Attorneys for Plaintiff

Kathleen L. Wieneke
Christina Retts
WIENEKE LAW GROUP, PLC
1095 W. Rio Salado Parkway., Suite 209
Tempe, AZ 85281
kwieneke@wienekelawgroup.com
cretts@wienekelawgroup.com
Attorneys for Defendant City of Phoenix

*/s/ Crystal Wong*