John T. Masterson, Bar #007447
Joseph E. Leverence, Bar #033199
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1700
Fax: (602) 200-7846
jmasterson@jshfirm.com
jleverence@jshfirm.com

Attorneys for Defendant Sean Pena

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Krystofer Lee,<br><br>Plaintiff,<br><br>v.<br><br>City of Phoenix, a municipality and jural entity, Sean Pena, an individual acting under the color of law, John Does I-V, an individual(s), acting under the color of law, and Jane Does I-V, an individual(s), acting under the color of law, XYZ Corporations, ABC LLCs,<br><br>Defendants. | NO. 2:20-cv-02456-SMB<br><br>**DEFENDANT PENA'S REPLY IN SUPPORT OF JOINDER IN DEFENDANT CITY OF PHOENIX'S MOTION TO DISMISS** |

Following the City of Phoenix's Motion to Dismiss (Doc. 20) and Defendant Sean Pena's Joinder in that Motion to Dismiss (the "Joinder") (Doc. 23), Plaintiff now argues in her Response to the Joinder (hereinafter: the "Response") (Doc. 27) that her Fourth Amendment claim and her Fourteenth Amendment claim were meant to encompass separate acts. This is not the case, however. Rather, as is clear from the pleadings in the First Amended Complaint ("FAC") (Doc. 15), Plaintiff did not plead the theories in the alternative and has instead grouped <u>all</u> of the acts she alleges as being violations of her Fourteenth Amendment right to liberty. As such, dismissal is appropriate as to all of the claims within Count One which Plaintiff alleges occurred at a time when she was "seized" by Defendant Pena.

9145740.1

9002973.1

## I. DESPITE THE PROCEDURAL IMPROPRIETY, THE COURT MAY STILL CONSIDER DEFENDANT PENA'S JOINDER.

As an initial matter, Plaintiff argues in her Response that Defendant Pena's joinder is improper, because he filed an Answer before joining in Plaintiff's Motion to Dismiss. (*See* Doc. 27.) This, of course, is nothing new: Defendant Pena conceded the lack of the conventional procedural sequence of the request within the Joinder itself (*See* Doc. 23 at pg. 1, fn. 1.) However, as was noted within the Joinder, and was not rebutted by Plaintiff, the Court may still consider the joinder, even in light of such a procedural impropriety. *See Curtis v. ABB, Inc.*, 2013 WL 12172645, at *1, fn. 1 (C.D. Cal. Jan. 28, 2013).

Here, despite the procedural sequence of the Joinder, the Court should consider the Joinder. Requiring Defendant Pena to file a separate Motion for Judgment on the Pleadings would simply result in an unnecessary partial re-briefing of the same issues discussed within the City of Phoenix's Motion to Dismiss (and the briefings that followed) concerning the same issues, to no additional end.

## II. DESPITE HER CONTENTION OTHERWISE, MUCH OF PLAINTIFF'S FOURTEENTH AMENDMENT CLAIM IS DUPLICATIVE OF HER FOURTH AMENDMENT CLAIM

### A. To the extent she is attempting to claim otherwise, Plaintiff has not properly pled alternative theories as to custody.

Getting to the substance of the Joinder, Plaintiff argues in her response that she should be allowed to proceed with her FAC as it is currently pled because Defendant Pena invoked his Fifth Amendment right to the paragraphs discussing her "seizure and assault." While unclear, her theory appears to be that, because she does not know whether Defendant Pena will contest the issue of whether Plaintiff was seized, she should be allowed to proceed with her FAC as it is currently pled until she receives either an admission or denial. Plaintiff's theory fails, however, because she grouped all of the alleged acts of impropriety together and noted that they occurred both while she was seized and while she was out of custody. (Doc. 15 at ¶¶ 24; 69.) In pleading her FAC, Plaintiff never attempted to specifically ascertain Defendant Pena's position as to seizure

with each particular alleged action. (*See generally id*.) Had her intention been to preserve a theory of liability until additional information was garnered about whether Defendant Pena would challenge her custody status, then she should have pled alternative theories for each specific act that hinged on Plaintiff's custody status. In pleading her FAC in the manner that she did, however, Plaintiff distinctly did not utilize such alternative theories. Plaintiff's argument fails and all claims within Count One must be dismissed to the extent each corresponding act is alleged to have occurred while Plaintiff was seized.

**B.    Plaintiff clearly predicated her Fourteenth Amendment claim upon acts alleged to have occurred while she was allegedly seized.**

Plaintiff further argues that, notwithstanding whether Defendant Pena later challenges if she was initially seized, she has adequately pled both violations of her Fourth and Fourteenth Amendment rights. Plaintiff argues this is the case because she generally alleged that the conduct in question occurred both in and out of custody. In essence, Plaintiff appears to argue that any of the alleged acts she claims occurred after her alleged seizure should be analyzed under the Fourteenth Amendment standard, while the alleged in-custody acts should be analyzed under the Fourth Amendment standard. This is, again, simply not how Plaintiff pled her claims. Instead, Plaintiff specifically asserted in pleading her Fourteenth Amendment claim (Count One) that:

> Defendant Pena committed deplorable acts against Plaintiff, including fondling Plaintiff's breasts, forcing Plaintiff to engage in masturbatory penile conduct and oral sex; and, making lude and harassing comments to Plaintiff **while Plaintiff was seized** and after Plaintiff was no longer in custody.

(Doc. 15 at ¶ 69) (emphasis added). Similarly, Plaintiff did not make any allegations that limited her Excessive Force claim to those acts alleged to have occurred in custody. (*Id.* at ¶¶ 73-75.) Thus, one can only conclude from her pleadings that Plaintiff intended for her Fourteenth Amendment claim to include acts alleged to have occurred while she was allegedly seized by Defendant Pena. To be sure, many of the specific "deplorable acts" Plaintiff alleges to have violated her Fourteenth Amendment rights were further alleged to have happened at a time *before* she exited the patrol vehicle, *see id.* at ¶¶ 19-22, while she

now also claims she was seized up until the point at which she exited the patrol vehicle. (Doc. 27 at pg. 4.) Thus, many of the specific acts she pled as being Fourteenth Amendment violations actually occurred at a time during which Plaintiff now claims that she was seized.

Simply put: Plaintiff's argument that her Fourth Amendment claims and her Fourteenth Amendment claims are meant to encompass separate acts is simply incorrect per her own pleadings. Because the FAC includes allegations that her Fourteenth Amendment right to liberty was violated for incidents she now alleges occurred while in custody, Plaintiff's Count One must be dismissed to the extent it includes claims alleged to have occurred while she was allegedly seized.

### III. CONCLUSION

Despite her contentions now, Plaintiff did not properly plead her FAC to distinguish between those acts alleged to have occurred while she was allegedly seized and those occurring after she was allegedly released from Defendant Pena's custody. Neither did Plaintiff plead alternative theories of liability that hinged on her custody status. This Court should disregard the procedural sequence of Defendant Pena's Joinder and dismiss Count One to the extent it includes claims alleged to have occurred while she was seized.

DATED this 17th day of February 2021.

JONES, SKELTON & HOCHULI, P.L.C.


By */s/ Joseph Leverence*
    John T. Masterson
    Joseph E. Leverence
    40 North Central Avenue, Suite 2700
    Phoenix, Arizona  85004
    Attorneys for Defendant Sean Pena

9145740.1

4

9002973.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of February 2021, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

David W. Dow
Jennifer L. Ghidotti
DOW LAW OFFICE
3104 E. Camelback #281
Phoenix, AZ 85016
Ddowlaw1@gmail.com
Jlevine@ddowlaw.com
Attorneys for Plaintiff

Kathleen L. Wieneke
Christina Retts
WIENEKE LAW GROUP, PLC
1095 W. Rio Salado Parkway., Suite 209
Tempe, AZ 85281
kwieneke@wienekelawgroup.com
cretts@wienekelawgroup.com
Attorneys for Defendant City of Phoenix

*/s/ Crystal Wong*

9145740.1

9002973.1